IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JHONNY ADALBERTO GUEVARA GOMEZ,    )
                                    )
          *Petitioner*,             )
                                    )
     v.                             )          1:25-cv-1781 (PTG/LRV)
                                    )
JEFFREY CRAWFORD, *et al.*,         )
                                    )
          *Respondents*.            )
                                    )

## ORDER

This matter comes before the Court on Petitioner Jhonny Adalberto Guevara Gomez's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is allegedly a citizen of El Salvador who entered the United States without inspection in 2011. *Id.* ¶ 35. According to the Petition, on October 9, 2025, a family argument where Petitioner had been drinking alcohol led to a relative calling the police, who then arrested Petitioner. *Id.* ¶ 39. Although his wife did not press charges, he was transferred to Immigration and Customs Enforcement ("ICE") custody. *Id.* He is currently detained at the Farmville Detention Center in Farmville, Virginia. *Id.* ¶ 7. Respondents have not provided Petitioner with a bond hearing. *Id.* at 3. Petitioner now sues Jeffrey Crawford, the Director of the Farmville Detention Center, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 41–61. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 4 at 5–8. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 4), and Petitioner's Reply (Dkt. 5), the Court concludes that it has jurisdiction and that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED in part.**

The central issue in this case is whether Petitioner is an "applicant for admission" and subject to mandatory detention under § 1225(b)(2) or whether his detention is governed by § 1226(a). The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 4 at 2. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5–9 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has continuously resided in the United States for more than a decade since his entry into the country in 2011. Dkt. 1 ¶ 35. Although he has been cited for driving under the influence, driving without a license, public intoxication, and an arrest for a domestic dispute, Petitioner is entitled to a bond hearing under § 1226(a), and its implementing regulations, before an immigration judge. Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED in part**; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 25th day of November, 2025.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

3